CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Isabel Masanque, Esq., SBN 292673
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Lawrence Davis**, | Case No. |
| Plaintiff, | **Complaint for Damages** for Violation of: |
| v. | 1. Title II of the American's with Disabilities Act, 42 U.S.C. §12131 et seq.; |
| **State of California; Behavioral Systems Southwest, Inc.** and Does 1-10, Inclusive, | 2. Title III of the American's with Disabilities Act, 42 U.S.C. §12181 et seq.; |
| Defendants. | 3. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; |
| | 4. California's Disabled Persons Act, Cal. Civ. Code § 54.1 et seq.; and |
| | 5. Negligence. |

1

**INTRODUCTION**

1.     Plaintiff Lawrence Davis ("Plaintiff"), an individual with physical disabilities who uses a wheelchair for mobility, brings this action against Defendants State of California, Behavioral Systems Southwest, Inc. and Does 1-10, Inclusive ("Defendants"), alleging that Defendants discriminated against him on the basis of his disabilities.

2.     Plaintiff alleges that Defendant failed and/or refused to accommodate his disabilities while he was a resident at the Orion Parolee Service Center operated by Defendant Behavioral Systems Southwest, Inc. and contracted through the California Department of Corrections and Rehabilitation.

3.     Plaintiff also alleges that the facilities of Orion were not accessible to and usable by him as an individual with physical disabilities who uses a wheelchair, despite assurances from Defendants that the facilities were, in fact, accessible.

4.     As the result of Defendants' misrepresentations, inaccessible facilities and failure and/or refusal to reasonable accommodate Plaintiff, Plaintiff was harmed. Plaintiff was denied access to the services, programs and activities at Orion, and was caused to suffer difficulty, embarrassment, physical and emotional pain and discomfort as herein described.

5.     Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to remediate the facilities of Orion and adopt reasonable accommodation policies.   Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing his civil rights.

**PARTIES**

6.     Plaintiff Lawrence Davis is, and at all times relevant herein was, a California resident with physical disabilities. Plaintiff is a paraplegic

Complaint

and bilateral below-the-knee amputee.

7.     Plaintiff cannot walk and uses a wheelchair for mobility.

8.     Plaintiff is, and at all times relevant herein was, a "qualified person with a disability" and a "physically disabled person" as those terms are defined under the ADA (42 U.S.C. § 12102) and California law (Cal. Gov. Code § 12926).

9.     Defendant State of California is, and at all time relevant herein was, a legal and political governmental entity.

10.     Behavioral Systems Southwest, Inc. is, and all times herein was a not-for-profit corporation established under the laws of the State of California. BSS's headquarters are located in San Clemente, California.

11.     Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

12.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**JURISDICTION & VENUE**

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

14.     Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act and Disabled Persons Act, both of which expressly incorporate the ADA.  Cal. Civ. Code §§ 51(f) and 54(c).

15.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

16.     Orion Parolee Service Center / Residential Re-Entry Center ("Orion") is a 32-bed parolee service center contracted through the California Department of Corrections and Rehabilitation ("CDCR") and 70-bed residential re-entry center contracted through the Federal Bureau of Prisons.

17.     Defendant Behavioral Systems Southwest, Inc. ("BSS") is a social service agency specializing in the provision of counseling and rehabilitative services to ex-offenders. BSS is designed to address the criminogenic needs of the ex-offender population by introducing evidence-based, cognitive behavioral intervention.

18.     BSS provides community correctional services to the CDCR by operating residential parolee service centers including the parole service center at Orion.

19.     Orion is located at 8141 Orion Avenue in the City of Van Nuys, California

20.     Plaintiff was a resident at Orion from approximately August 4, 2016 to November 14, 2016.

21.     Plaintiff was ordered to Orion from California state prison by CDCR.

22.     At all times relevant herein, CDCR had actual knowledge of Plaintiff's disabilities and use of a wheelchair.  When ordering Plaintiff to Orion, CDCR assured Plaintiff that the facilities were accessible and compliant with the Americans with Disabilities Act ("ADA").

23.     From 2001 to his discharge to Orion in 2016, Plaintiff had been using an air floatation mattress system in prison. The air floatation mattress system had been prescribed by Plaintiff's doctors, and was provided as a reasonable accommodation for his disabilities, intended to prevent bed sores and related complications.

24.     Shortly after arriving at Orion, Plaintiff requested that he be permitted to utilize an air floatation mattress system as a reasonable accommodation for his disabilities. Plaintiff made his request directly to the administration at Orion, and also submitted a written request via CDCR Form 1824 (ADA Accommodation Grievance).

25.     Plaintiff's request to use an air floatation mattress system was denied. The administration at Orion simply told Plaintiff that they would not permit such an accommodation.

26.     Plaintiff visited Kaiser and was given a 3-inch air mattress used for camping, which Orion would allow him to have. Plaintiff used this mattress out of desperation, as it was better than sleeping on a regular mattress, but he continued to request approval to utilize an air floatation mattress system.

27. The air mattress provided by Kaiser popped on the bed springs of the old bunk/racks that the Orion residents slept on after approximately one week. Plaintiff was forced to go back to using a regular mattress. Plaintiff again sought to replace the regular mattress with an air floatation mattress system but the administration at Orion again denied the request.

28. As a direct result of Orion's refusal to allow Plaintiff to use an air floatation mattress system as an accommodation for his disabilities, Plaintiff developed pressure sores that within weeks were so severe that he had to be hospitalized. Plaintiff was refused re-admittance to Orion after this hospitalization, and to date remains in a local convalescent hospital.

29. Additionally, throughout his stay at Orion, Plaintiff was subjected to inaccessible facilities, including but not limited to toileting and showering facilities. Plaintiff experienced difficulty, discomfort and embarrassment utilizing these facilities because they were not configured for use by persons who use wheelchairs.  The facilities lacked required clearances and accessibility features, such that Plaintiff had to request assistance from others just to get in and out of and use the facilities.

30. Orion also lacked an accessible emergency exit route. The fire exit at Orion is at the back of the dorm leading to the parking lot and includes a 12-inch drop. During fire drills, Plaintiff had to rely on help from others to exit the building.  Plaintiff feared what would happen to him in the event of an actual fire or other emergency.

31. Plaintiff complained about physical access issues to the administration at Orion immediately after his arrival at Orion, but the barriers were never addressed.

32. On information and belief, there are other access barriers and discriminatory policies that prevented Plaintiff from enjoying full and equal access to Orion. The extent of these additional barriers and policies will be

confirmed and clarified after a noticed inspection of Defendants' facilities, and if necessary, reflected in an amendment of Plaintiff's Complaint.

33.     On information and belief, Orion has undergone construction and/or alterations since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

34.     On information and belief, the Orion has undergone construction and/or alterations since January 26, 1992 triggering applicability of ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

35.     As the result of the Defendants' failure and/or refusal to accommodate Plaintiff and to construct, alter and/or maintain the facilities of Orion in a manner that ensures they are readily accessible to and usable by to wheelchair users, Plaintiff has suffered, and will in the future suffer difficulty, physical distress, inconvenience, frustration, embarrassment, fear and anxiety.

36.     Until Defendants take the steps necessary to ensure that the facilities of Orion are readily accessible to and useable by individuals with disabilities who use wheelchairs, and to ensure that people with disabilities at Orion are provided reasonable accommodations for their disabilities as needed, Plaintiff will be prevented and deterred from returning there.

## GOVERNMENT CLAIM FILED

### *(With regard to claims for damages under California State Law)*

37.     Plaintiff timely filed a claim with Defendant State of California pursuant to § 910 et seq. of the California Government Code on February 1,

2017.   The State did not respond to Plaintiff's claim.   Accordingly, Plaintiff's claim was denied as a matter of law on March 23, 2017.

**FIRST CAUSE OF ACTION**

**Title II of the Americans with Disabilities Act**

**42 U.S.C. § 12131** *et seq.*

*(Against Defendant State of California Only)*

38.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

39.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

40.     At all times relevant to this action, the State was a "public entity" within the meaning of Title II of the ADA.

41.     Community correctional services are services offered by the State, via contract with BSS, to members of the public.

42.     Plaintiff is, and at all times relevant herein was, a individual with a disability within the meaning of Title II of the ADA qualified to obtain the community correctional services offered by the State, via contract with BSS.

43.     At all times relevant herein, Plaintiff met the essential eligibility requirements for receipt of the community correctional services offered by the State, via contract with BSS.

44.     The State, through its contract with BSS, has excluded and/or denied Plaintiff the benefit and full and equal use of the facilities of Orion as herein alleged, in violation of Title II and its implementing regulations. The

Complaint

discriminatory conduct includes, <u>inter alia</u>:

    a. Directly or through contractual or other arrangements, denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered at Orion on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

    b. Directly or through contractual or other arrangements, affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered at Orion that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

    c. Directly or through contractual or other arrangements, providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others (28 C.F.R. § 35.130(b)(1)(iii));

    d. Directly or through contractual or other arrangements. limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public. (28 C.F.R. § 35.130(b)(1)(vii));

    e. Directly or through contractual or other arrangements, utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i));

    f. Directly or through contractual or other arrangements, failing to make reasonable modifications in policies,

practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7));

g. Failing to operate Orion so that it is "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a)); and

h. Failing to design, construct and/or alter Orion so that it is readily accessible to and usable by individuals with disabilities, when the construction/alterations was commenced after January 26, 1992 (28 C.F.R. § 35.151);

45. Title II required public entities to remove physical barriers that limit or deny access to a public entity's programs, services, and activities under the ADA by no later than January 26, 1995. 28 C.F.R. § 35.150(c).

46. On information and belief, the State is, and has been aware of the inaccessibility of Orion's facilities and has failed and refused to take appropriate measures to remove such barriers.

47. On information and belief, the State has failed and refused, since the ADA was enacted and every year thereafter, to take appropriate measures to identify and remove barriers to Orion's facilities.

48. The State's duties under Title II are mandatory and long-established. The State is deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

49. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

Complaint

## SECOND CAUSE OF ACTION

### Title III of the Americans with Disabilities Act

### 42 U.S.C. § 12182 et seq.

#### *(Against Defendant Behavioral Systems Southwest, Inc. Only)*

50.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

51.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

52.     Among the "private entities" which are considered "public accommodations" for purposes of this title are social service center establishments. 42 U.S.C. § 12181(7)(K).

53.     BBS is a private entity which owns and operates Orion,  a social service establishment and place of public accommodation.

54.     The acts and omissions of BSS, as herein alleged, have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA. Defendants' discriminatory conduct includes, inter alia:

    a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i);

    b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. §

12182(b)(1)(A)(ii);

c. Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(1);

d. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2);

e. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); and

f. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (42 U.S.C. § 12182(b)(2)(A)(ii)); and

g. Failing to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities (28 C.F.R. § 36.211).

55.     Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

Complaint

# THIRD CAUSE OF ACTION

## Unruh Civil Rights Act

## Cal. Civ. Code  § 51

### *(Against All Defendants)*

56.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

57.     The Unruh Act guarantees, <u>inter alia</u>, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code § 51(b).

58.     The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code § 51(f).

59.     Orion is a business establishment and, as such, must comply with the provisions of the Unruh Act, Cal. Civ. Code § 51 et seq.

60.     Defendants have violated the Unruh Act by, <u>inter alia</u>, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Orion.

61.     Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA.

62.     Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

63.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
**California Disabled Persons Act**
**California Civil Code § 54 *et seq*.**
**(*Statutory damages and attorneys' fees only*)**
**(*Against All Defendants*)**

64.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

65.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.." Cal. Civ. Code § 54(a).

66.     The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, amusement, or resort, and other places to which the general public is invited." Cal. Civ. Code § 54.1(a).

67.     A violation of the ADA constitutes a violation of the CDPA. Cal. Civ. Code §§ 54(c) and 54.1(d).

68.     Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA.

69.     Defendants have also violated the CDPA by violating the ADA.

70.     Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at

all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference.

71.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA, or any of the other laws cited herein.*

## FIFTH CAUSE OF ACTION
## Negligence

72.    Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

73.    Defendants owed Plaintiff a duty, arising out of the aforementioned anti-discrimination statutes, to operate Orion in a manner that is free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty.

74.    Defendants negligently violated their duty to Plaintiff by discriminating against him based on her disability, as alleged herein.

75.    As the result of Defendants' negligence, Plaintiff has suffered the injury and harms alleged above, including, but not limited to, physical and emotional injury and distress.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and the Unruh Act ordering Defendants to:

   a. Take the steps necessary to bring the Orion's facilities into compliance with applicable federal and state accessibility

standards and make them fully and equally available to individuals with mobility disabilities;

b. Modify their policies to ensure compliance with new construction and alteration standards and program accessibility obligations moving forward;

c. Modify their policies to ensure compliance with their obligations under federal and state law to make reasonable modifications in policies, practices, or procedures as necessary to avoid discrimination based on disability; and

d. Train staff and employees related to the policies changes ordered pursuant to sections "b" and "c" above.

*Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

4. Award such other and further relief as the Court deems just and proper.

Dated: September 13, 2017         CENTER FOR DISABILITY ACCESS

By: ___ *Isabel P. M~* _____

Isabel Masanque, Esq.
Attorney for Plaintiff

16